UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYMOND MITCHELL | CIVIL ACTION |
| VERSUS | NO. 14-2510 |
| JAMES LEBLANC | SECTION "R" (5) |

## ORDER

The Court has reviewed *de novo* the petition for *habeas corpus*, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections to the Magistrate Judge's Report and Recommendation. The Magistrate Judge's recommended ruling is correct, and petitioner's objections essentially rehash his arguments before the Magistrate Judge or are otherwise without merit.[1] Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation as its opinion herein.

---

[1] In his objections, petitioner cites *Glover v. United States*, 531 U.S. 198 (2001), to argue that the fact that petitioner's sentence was increased establishes prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). R. Doc. 22 at 7. *Glover* is no help to petitioner, as *Glover* is premised on the assumption that the sentencing trial court erred. 531 U.S. at 199-200. Petitioner alleged on direct appeal that the trial court that sentenced him as a habitual offender erred, and this appeal was rejected by the Louisiana Fourth Circuit. *State v. Mitchell*, 2011-KA-1049, 2012 WL 4760309 (La. App. 4 Cir. May 10, 2012).

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rules Governing Section 2254 Proceedings, Rule 11(a).  A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).  In *Miller–El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  *Id.* at 336.  Petitioner has failed to meet these standards.

IT IS ORDERED that plaintiff's petition for *habeas corpus* is DISMISSED WITH PREJUDICE.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __24th__ day of August, 2016.

_____
         SARAH S. VANCE
   UNITED STATES DISTRICT JUDGE